IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DEBORAH G.**,[1]

       Plaintiff,

  v.

**ANDREW M. SAUL,** Commissioner of Social Security,

       Defendant.

Case No. 3:18-cv-380-SI

**OPINION AND ORDER**

Brian Scott Wayson, P.O. Box 12028, Portland, OR 97212. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Michael Howard, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Deborah G. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). For the following reasons, the Commissioner's decision is AFFIRMED.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

**A.     Plaintiff's Application**

Plaintiff filed her application for DIB on May 8, 2014. AR 275. She alleged disability beginning February 28, 2012 due to degenerative disc disease, obesity, left rotator cuff tendonitis

and degenerative joint disease, knee degenerative joint disease and meniscal tear, migraines, depressive disorder, hypertension, sleep apnea, osteoarthritis of the fingers, asthma, costochondritis, and incontinence. AR 28-29, 275, 292. Born in October 1961, Plaintiff completed three years of college as well as specialized training in administration and accounting. AR 275, 293. She served in the military and has past work experience as a data entry clerk and as an administrative assistant. AR 294.

The Commissioner denied Plaintiff's application initially and upon reconsideration. AR 119, 130. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 133. At the hearing, Plaintiff amended her onset date to July 6, 2012. AR 54. In a decision dated September 27, 2017, the ALJ found Plaintiff was not disabled. AR 23-49. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–6; *see also* 20 C.F.R. § 422.210(a). Plaintiff seeks judicial review of that decision. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

**B.     The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. § 404.1520(a)(4). The five-step sequential process asks the following series of questions:

1.      Is the claimant performing "substantial gainful activity?" 20 C.F.R. § 404.1520(a)(4)(i). This activity is work involving significant mental or

physical duties done or intended to be done for pay or profit. 20 C.F.R. § 404.1510. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 404.1520(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 404.1509. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c). If the claimant cannot perform such work, he or she is disabled.

*Id. See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

physical duties done or intended to be done for pay or profit. 20 C.F.R. § 404.1510. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 404.1520(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 404.1509. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c). If the claimant cannot perform such work, he or she is disabled.

*Id. See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140–41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. § 404.1566 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953–54; *Tackett*, 180 F.3d at 1099.

**C.     The ALJ's Decision**

The ALJ performed the sequential analysis as noted above. AR 26-43. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date; additionally, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2018. AR 28. At step two, the ALJ found Plaintiff had the severe impairments of diabetes mellitus, degenerative disc disease, obesity, left rotator cuff tendonitis and degenerative joint disease, knee degenerative joint disease and meniscal tear, migraines, and depressive disorder. AR 28. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the specific impairments listed in the regulations. AR 29.

The ALJ next determined Plaintiff's RFC and found she could perform sedentary work with the following limitations:

> [Plaintiff] can never climb ladders, ropes or scaffolds, crawl, and crouch. She can occasionally climb ramps and stairs, balance, stoop, and kneel. She can occasionally reach overhead. She can occasionally operate foot controls. She must be permitted to use a hand-held assistive device such as a cane at all times while standing/walking. She can perform unskilled and semi-skilled tasks consistent with an SVP up to SVP level 4. She can frequently interact with the public and co-workers.

AR 31. At step four, the ALJ found Plaintiff was able to perform her past relevant work as a data entry clerk. AR 42. Accordingly, the ALJ concluded that Plaintiff was not disabled. AR 43.

## DISCUSSION

Plaintiff argues that the ALJ erred in the following ways: (A) improperly evaluating the medical source evidence; (B) failing to credit her subjective symptom testimony; (C) omitting her migraines and hand impairments from the list of severe impairments at step two; (D) improperly weighing the evidence from the U.S. Department of Veterans Affairs ("VA"); and (E) formulating a vague and incomplete RFC, causing error at step four.

**A.     Medical Source Evidence**

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Generally, "a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). If a treating physician's opinion is supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. *Id.; see also* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). A treating doctor's opinion that

is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific and legitimate reasons" for discrediting the treating doctor's opinion. *Id.*

In addition, the ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Orn*, 495 F.3d at 631. As is the case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F. 2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ may reject an examining, non-treating physician's opinion "in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995), *as amended* (Oct. 23, 1995). Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Andrews*, 53 F.3d at 1042–43.

1. **Treating Physician Theodore Nyquist, M.D.**

Plaintiff argues that the ALJ improperly rejected the opinion of treating physician Theodore Nyquist, M.D. In a letter dated July 29, 2015, Dr. Nyquist opined that Plaintiff was permanently and completely disabled by her impairments. AR 1282. In 2016, Dr. Nyquist

completed a form stating that Plaintiff could walk, stand, or sit for five minutes at a time and that she needed to be reclining or lying down nearly the entire day. AR 1284. He also opined that Plaintiff could use her hands only occasionally due to carpal tunnel syndrome and that she had difficulty with memory. AR 1284-85.

The ALJ rejected Dr. Nyquist's opinion because it was not supported by Dr. Nyquist's own treatment notes. AR 41. Contradictions between a doctor's assessment of a claimant's ability and that doctor's own treatment notes about the claimant's capabilities "is a clear and convincing reason for not relying on [a] doctor's opinion." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Here, while Dr. Nyquist opined that Plaintiff could only sit, stand, or walk for five minutes at a time, the ALJ noted that Dr. Nyquist's examinations generally revealed a full range of motion in Plaintiff's neck, intact sensation, and normal neurological functioning. AR 383, 1296, 1299. Further, despite Dr. Nyquist's claim that Plaintiff had memory loss and significant depression, his own records also revealed generally normal neurologic and psychiatric evaluations. AR 41, 381, 383, 385, 1296, 1299. On this record, it was rational for the ALJ to conclude that Dr. Nyquist's opinion was inadequately supported by clinical findings. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). The ALJ thus provided a clear and convincing reason for rejecting Dr. Nyquist's opinion. *Id*. At 671; *Bayliss*, 427 F.3d at 1216.

The ALJ also found that Dr. Nyquist's opinion conflicted with other evidence in the medical record. AR 41. A physician's opinion regarding a claimant's level of impairment may be rejected because it is unreasonable in light of other evidence in the record. *Morgan v. Comm'r*, 169 F.3d 595, 601 (9th Cir. 1999). For example, while Dr. Nyquist opined that Plaintiff could use her hands only occasionally due to carpal tunnel syndrome, an electrodiagnostic study of Plaintiff's hands was normal. AR 1091 (treatment note dated September 21, 2012 documenting

"no … evidence" of carpal tunnel syndrome), 1284-85. The lack of objective evidence of carpal tunnel syndrome in the medical record supports the ALJ's rejection of Dr. Nyquist's opinion. *Morgan*, 169 F.3d at 601. In sum, the ALJ provided legally sufficient reasons for rejecting Dr. Nyquist's opinion.

2. **Examining Physician Raymond Nolan, Ph.D.**

Plaintiff also argues that the ALJ improperly rejected the opinion of examining physician Raymond Nolan, M.D., Ph.D. Dr. Nolan opined in 2014 that Plaintiff was capable of a largely seated range of light work, where she could walk less than one hour a day and which allowed her to change positions and only use her hands occasionally. AR 1264. In 2017, Dr. Nolan limited Plaintiff to a seated range of light work but did not include any specific limitations on the use of Plaintiff's hands. AR 1722-23.

The ALJ gave Dr. Nolan's opinion "partial weight." AR 40, 42. The ALJ incorporated many of Dr. Nolan's limitations into the RFC but rejected the opinion that Plaintiff was limited to only occasional use of her hands; that she could walk less than one hour a day; and that she and that she requires a work environment where she can change positions. AR 40, 42. A physician's opinion regarding a claimant's level of impairment may be rejected because it is unreasonable in light of the entire record. *Morgan*, 169 F.3d at 601. Here, the ALJ rejected the opinion that Plaintiff required frequent changes in position, noting that Plaintiff's pain increased with additional movement. AR 42. The ALJ also partially credited the opinions of state agency physicians who reviewed the entire record and found that Plaintiff did not require changes in position. AR 40, 88-101, 103-17.

The ALJ also noted that Dr. Nolan's limitation on walking was contradicted by Plaintiff's treatment records revealing normal gait, full strength and intact sensation in lower extremities.

AR 40, 1091. Finally, the ALJ rejected Dr. Nolan's limitations on Plaintiff's use of her hands due to the dearth of objective evidence of carpal tunnel syndrome or other manipulative limitations. *Id.* On this record, the ALJ provided legally sufficient justification for rejecting portions of Dr. Nolan's opinion based on his review of contradictory medical evidence. *Morgan*, 169 F.3d at 601.

## B. Subjective Symptom Testimony

There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily

discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345–46).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See* SSR 16-3p, *available at* 2017 WL 5180304 (republished Oct. 25, 2017). SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *2; *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017). The Commissioner recommends that the ALJ examine "the entire case record, including the objective medical evidence and individual's statements about the intensity, persistence, and limiting effects of symptoms statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *7. The Commissioner recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the claimant's location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those statements are with the claimant's statements about his or her symptoms and other evidence in the file. *See id.* at *6–7.

The ALJ's evaluation of a claimant's subjective symptom testimony may be upheld overall even if not all of the ALJ's reasons for rejecting the testimony are upheld. *See Batson*, 359 F.3d at 1197. The ALJ may not, however, a reject testimony "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

In her application, Plaintiff stated that she became disabled in July 2012 due to various conditions including depression, migraines, memory loss, carpal tunnel syndrome, and degeneration of her neck and lower back. AR 292. At the administrative hearing, Plaintiff testified that she suffered from constant back pain, daily tension headaches, and regular migraines. AR 58-59. Plaintiff stated that she wore knee braces, used a cane to walk around her house, and used a walker when she left her house. AR 60.

The ALJ rejected Plaintiff's testimony to the extent that it conflicted with the RFC. AR 31. He first noted that Plaintiff's testimony was contradicted by her activities of daily living. AR 39. A claimant's activities may be grounds for rejecting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment. *Molina v. Astrue,* 674 F.3d 1104, 1112-13 (9th Cir. 2012). Here, the ALJ noted that Plaintiff took a year-long college course in accounting during the relevant period and passed all of her classes. AR 56. Plaintiff also took vacations and trips. AR 468, 1464, 1546. It was reasonable for the ALJ conclude from these activities that Plaintiff was not as incapacitated as alleged in her testimony. *Molina,* 674 F.3d at 1112-13.

The ALJ next found Plaintiff's testimony was contradicted by the medical evidence. AR 37. Contradiction with the medical evidence is a sufficient basis for rejecting a claimant's subjective symptom testimony. *Carmickle*, 533 F.3d at 1161. Here, for example, despite

Plaintiff's testimony that she required a cane to walk around her house, Dr. Nolan noted that she could walk without a cane. AR 1729. Examination of Plaintiff's back also revealed no tenderness to palpation, and there was little evidence of neurological deficits related to back pain. AR 36, 427, 1263-64. Electrodiagnostic testing revealed no evidence of carpal tunnel syndrome on Plaintiff's left side. AR 1091. Further, while Plaintiff complained of memory loss and depression, she exhibited normal memory and cognition on examination. AR 1097-98. This evidence arguably conflicts with Plaintiff's allegations and therefore supports the ALJ's conclusion. *Carmickle*, 533 F.3d at 1161.

The ALJ also noted that Plaintiff's conditions improved with treatment. AR 38-39. Impairments that can be controlled effectively with medication are not disabling. *Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006). Here, medication helped relieve Plaintiff's migraines and her neck and shoulder responded to physical therapy. AR 381, 1313, 1318-20. Plaintiff's depression also responded to medication, and she reported several times that her pain medication was effective. AR 467 (treatment note indicating Plaintiff's "current pain medication regimen is effective"), 870 (same), 946 (same), 1039 (same), 1100 (same), 1301 (noting Plaintiff's depression symptoms were relieved with current medication), 1307 (noting Plaintiff's back pain is relieved with oxycodone). Because Plaintiff's symptoms and impairments were controlled with medication, it was reasonable for the ALJ to conclude that Plaintiff was less limited than alleged in her testimony. *Warre*, 439 F.3d at 1006. In sum, the ALJ provided legally sufficient reasons for rejecting Plaintiff's subjective symptom testimony.

**C.    Step Two Findings**

Plaintiff next argues that the ALJ improperly omitted her migraines and hand impairments from the list of severe impairments at step two. The step two inquiry is a "de

minimus screening device to dispose of groundless claims." *Yuckert*, 482 U.S. at 153–54, 107 S.Ct. 2287. "Step two impairments may not be found severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work." *See* SSR 85–28, available at 1985 WL 56856, *3. Omissions at step two are harmless error if step two is decided in the claimant's favor and the ALJ incorporates all the claimant's limitations into the RFC. *Burch*, 400 F.3d at 682-84.

The ALJ resolved step two in Plaintiff's favor. AR 28. Plaintiff claims that the ALJ erred by omitting her migraines in the list of severe impairments, but the ALJ found Plaintiff's migraines severe at step two. *Id*. As discussed above, the ALJ noted that Plaintiff's migraines were controlled effectively with treatment, and therefore did not include many migraine-related limitations in the RFC. AR 31.

Regarding Plaintiff's hand impairments, the ALJ acknowledged Plaintiff's carpal tunnel syndrome but noted that it did not appear to be a concern during the relevant period. AR 29, 1091. The ALJ also noted that Dr. Nolan examined Plaintiff and found no joint deformities, stating that Plaintiff was able to "manipulate items without difficulty." AR 1722. Plaintiff also exhibited symmetric, normal grip strength. *Id*. On this record, it was reasonable for the ALJ to omit carpal tunnel-related limitations from the list of severe impairments at step two. Further, the ALJ incorporated all credible limitations on Plaintiff's use of her hands into the RFC by limiting her to no crawling or climbing ladders, ropes, or scaffolds. AR 31. Thus, even if the ALJ's omission at step two was error, it was harmless because the ALJ incorporated all of Plaintiff's

credible limitations into the RFC. *Burch*, 400 F.3d at 682-84. The ALJ's step two findings are therefore affirmed.

D.     **VA Opinion**

Plaintiff also argues that the ALJ erred by failing to credit the VA opinion. The ALJ must consider VA disability ratings. SSR 06-03p, 2006 WL 2329939, at *6-7. The ALJ must give "persuasive, specific, valid reasons" for rejecting a VA disability rating. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

Plaintiff underwent a VA compensation and pension exam in February 2015 with Carolyn Shettler, M.D. AR 1459-1538. Dr. Shettler found Plaintiff was limited to sedentary work and required the ability to sit and stand at will and frequently change positions. AR 1484, 1487. Dr. Shettler also opined that Plaintiff was limited by her medication side effects and needed to work at her own pace. *Id.* The VA gave Plaintiff a combined disability rating of 90 percent and found her to be unemployable as of February 10, 2015. AR 1276.

The ALJ rejected the VA rating, noting that it "does little to describe [Plaintiff's] level of functioning." AR 42. The ALJ need not accept an opinion that is brief, conclusory, and inadequately supported by clinical findings. *Bray*, 554 F.3d at 1228. Here, the VA's disability rating was based on the medical opinion Dr. Shettler. AR 1487. The ALJ gave Dr. Shettler's opinion partial weight, finding that her limitation to sedentary work was consistent with the record but rejecting her opinion that Plaintiff needed to alternate sitting and standing at will. AR 41. The ALJ determined that this limitation was inconsistent with the relatively benign examination findings of Plaintiff's lower back and the fact that treatment records never discussed a need to change positions. *Id.* Inconsistency with the longitudinal record is a clear and convincing reason to reject a physician's opinion. *Tommasetti*, 533 F.3d at 1040. The ALJ thus

provided a legally sufficient reason to reject Dr. Shettler's opinion. *Id.* At 1040. Because the VA rating was based on Dr. Shettler's opinion, and the ALJ reasonably rejected Dr. Shettler's opinion, the ALJ was not required to accept the VA opinion. *Bray*, 554 F.3d at 1228. In sum, the ALJ provided persuasive, specific, and valid reasons for rejecting the VA disability rating. *McCartey*, 298 F.3d at 1076.

### E.     RFC and Step Four Findings

Plaintiff also argues that the RFC was both vague and incomplete, and that the hypothetical presented to the VE was therefore flawed, causing further error at step four. To the extent Plaintiff argues the RFC was incomplete, she reiterates her previous arguments and the Court need not revisit them.

With respect to vagueness, Plaintiff contends that the RFC limitation to SVP 4 work does not provide sufficient guidance as to her mental limitations, which the ALJ determined to be moderate. AR 31 (finding Plaintiff had moderate limitations in her ability to interact with others and in concentration, persistence, or pace). The ALJ limited Plaintiff to "unskilled and semi-skilled tasks consistent with an SVP up to SVP level 4" and added that Plaintiff "can frequently interact with the public and coworkers." AR 31. When presented to the VE, the hypothetical based on this RFC was sufficiently clear and specific for the VE to determine that an individual with Plaintiff's limitations could perform her past relevant work as a data entry clerk. AR 82. According to the DOT, the data entry clerk position has a reasoning level of 3 and an SVP of 4, consistent with the ALJ's finding of moderate mental limitations. DOT 203.582-054.

Although Plaintiff faults the ALJ for not including more specific limitations on Plaintiff's mental functioning, she presents no legal argument showing that the RFC formulation led to harmful error. She asserts that "[h]ad an additional description been provided, such as regarding

how many steps [Plaintiff] can understand, remember or apply," the data entry position may have been precluded. Pl.'s R. Br. at 10. However, the evidence credited by the ALJ does not establish that Plaintiff was precluded from doing the data entry clerk job based on her moderate mental limitations. Because Plaintiff failed to show that vagueness in the RFC caused error at step four, the ALJ's opinion is affirmed.

## CONCLUSION

The Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 8th day of October, 2019.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge